An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GUILLERMO SANDOVAL GARCIA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60889

**FILED**

FEB 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an amended judgment of conviction, pursuant to an <u>Alford</u> plea, of attempted lewdness with a child under the age of fourteen. <u>See</u> <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970). Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant Guillermo Garcia agreed to plead guilty to attempted lewdness with a child under the age of fourteen in exchange for the State's agreement not to make any argument or recommendation at sentencing, among other things. At sentencing, the State indirectly argued in breach of the spirit of the plea agreement by giving its opinion regarding Garcia's risk for re-offense, making negative comments about Garcia, and raising the implication that there was an error with the PSI. On appeal, we reversed the district court's sentence based upon the State's breach and remanded with specific instructions that Garcia be sentenced before a different judge. <u>Garcia v. State</u>, Docket No. 57810 (Order of Reversal and Remand, March 7, 2012). On re-sentencing, District Judge Stefany Miley, who presided over Garcia's trial before he pleaded guilty but did not participate in the prior sentencing proceedings, stated that she read this court's March 7, 2012, order and sentenced Garcia to the same sentence he had previously received based upon the testimony of the

13-04672

victim at trial, the PSI, Garcia's psychosexual evaluation, and letters provided by counsel.

Garcia argues that by reading this court's March 7, 2012, order, District Judge Miley exposed herself to the same inappropriate arguments made by the State at the original sentencing hearings and became as "tainted" as the original sentencing judge. We disagree. Although we are mindful that a judge may be influenced by improper argument despite maintaining that it did not affect her sentence, we do not conclude that such occurred here merely by reading this court's March 7, 2012, order. Our order briefly and succinctly summarized the State's improper conduct at the original sentencing hearings without describing the content of its arguments or the negative comments made in breach of the plea agreement. Having carefully considered Garcia's contention, we are convinced that District Judge Miley was not exposed to the same inappropriate arguments, implications, and commentary that troubled this court and urged it to order resentencing. Accordingly, we

ORDER the amended judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:   Hon. Stefany Miley, District Judge
      Clark County Public Defender
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk